UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
MICHAEL SCORDO,

       Plaintiff,                        **COMPLAINT**

vs.

ACKROYD LAKE, ANITA SAPIO,

       Defendants.
------------------------------------------------x

## PRELIMINARY STATEMENT

1. By and through this complaint, plaintiff alleges that defendant state actors intentionally discriminated against him on the basis of his gender, subjecting him to dangerous work conditions which eventually caused him significant and foreseeable physical injuries for which he now seeks recompense.

## PARTIES

2. Plaintiff, Michael Scordo, is a Caucasian male who resides in Chester, New York, within this judicial district.

3. As relevant hereto, the New York State Office of Children and Family Services [hereinafter "NYSOCFS"] employed plaintiff at the Goshen Secure Facility which it operates within this judicial district.

1

4. Since July 2023, plaintiff has served as Assistant Director of the Goshen facility, a grade 25.

5. As relevant hereto, defendant Ackroyd Lake was the facility director and plaintiff's immediate supervisor. He resides in Orange County within this judicial district.

6. As relevant hereto, defendant Anita Sapio served as Facility Manager at the Goshen Secure Facility and as defendant Lake's supervisor. She resides in Orange County, within this judicial district.

7. As relevant hereto, defendants are state actors who took the actions complained of herein under the color of state law and, as such, they are entitled to defense and indemnification for all but an award against them of punitive damages.

**JURISDICTION**

8. As plaintiff contends that defendants intentionally discriminated against him on the basis of his gender in violation of the Equal Protection clause of the Fourteenth Amendment to the United State Constitution, this Court has jurisdiction pursuant to 28 U.S.C. sections 1331, 1343 (a) (3) & (4) and 42 U.S.C. secs. 1983 and 1988.

## STATEMENT OF RELEVANT FACTS

9. The Goshen Secure Facility is one of four in the State that house juveniles who often have been found responsible for the commission of violent crimes.

10. Residents are deemed dangerous and the facility has long been marred by violence directed at its staff.

11. NYSOCFS hires men and woman for the position of Administrator on Duty [AOD] and does not typically differentiate in their assignment patterns on the basis of their genders.

12. As Assistant Director [AD], plaintiff was supposed to supervise all staff, including those serving as AODs, the position he held before being promoted.

13. AODs are "front-line, hands-on" staff, and mandated to respond to all violent incidents.

14. Plaintiff's employer has hired men and women as AODs and provided them equal training to enable them to de-escalate violent situations and intervene physically in limited manners as required.

15. After plaintiff's promotion to the position of Assistant Director, defendants Lake and Facility Manager Sapio jointly assigned him to serve as a tour AOD.

16. On two occasions, at Sapio's instance, defendant Lake explained that he did not want some "stupid, irrational, emotional woman being AOD if he could mandate plaintiff to be in that seat instead."

17. However, this out-of-duty, hands-on assignment was beneath plaintiff's title and function and was also quite dangerous and so understood by defendants.

18. Before defendants began to direct plaintiffs to such out-of-title assignments, plaintiff notified defendants Lake and Sapio that he had suffered two concussions and his doctors advised that he could not be placed in unnecessarily dangerous circumstances.

19. Defendant Sapio responded that, had she known this, plaintiff would never have been promoted to the title of Assistant Director.

20. Both defendants knew that plaintiff had been attacked and seriously injured several times by facility residents, including in both November 2023 and again in January 2024, when he was knocked out and suffered a serious concussion.

21. Plaintiff prepared the AOD schedule and assigned YC Debra Dejesus as AOD for the evening of January 23, 2024.

22. However, that same evening, defendant Lake called him and directed him to relieve Dejesus as AOD because she was stressed out and being irrational.

23. Plaintiff complied with this direction, relieved her, and was physically attacked by facility residents.

24. As a result, plaintiff was seriously injured and remained out of work for many months.

25. Many female employees assigned grades 18, 21 and 23 were available for assignment as AODs but were seldom so used and only when plaintiff wrote them into the schedule.

26. Instead, defendants insisted that plaintiff perform out of title work to his detriment and without any good faith basis.

27. In 2022, a second female, Araujo, was hired as a Grade 18 Youth Counselor.

28. Defendant Lake assigned her to a private office in the administrative wing far from any incarcerated youth and insulated her from contact with the population of incarcerated youth.

29. Defendants Lake and Sapio told plaintiff that he was never to assign Araujo to perform work within with her AOD title and directed that he

perform the functions of an AOD instead of assigning her to the duties and responsibilities entailed by her title.

30. Though Araujo was only a Grade 18, defendants also gave her some of plaintiff's Assistant Director duties, forcing plaintiff to do Grade 18 work, including as an AOD.

31. Even though he repeatedly took plaintiff from his normal and customary duties, defendant Lake berated and threatened Scordo for not completing all his AD assignments.

32. After plaintiff was assaulted in January 2024, Ms. Araujo was promoted to Assistant Director though she never served as an AOD or in inferior ranks within the chain of command.

33. At a staff meeting after his return from injury, at the behest of these defendants, Araujo announced that plaintiff would be performing AOD functions, not her.

34. This pattern of assignment continues to endanger plaintiff and this consequence is known to defendant Lake who has advised that being in harm's way is a man's function.

35. Such gender stereotyping by defendants predicated the assignments which they gave plaintiff and disparately and foreseeably placed him in harm's way.

36. No non-discriminatory reason exists for the disparate terms and conditions to which plaintiff has been continuously subjected and he hereby alleges that defendants engaged in intentional gender bias against him in violation of the Equal Protection clause of the Fourteenth Amendment by repeatedly assigning him to perform functions below his grade and title when it has not so assigned any female incumbent who held the same title.

37. On account of the disparate assignments defendants provided plaintiff, the possibility of his working until he has earned a full pension has been significantly reduced and he has thereby been materially damaged.

## CAUSE OF ACTION

38. Plaintiff incorporates paras. 1-37 as if repeated herein.

39. By and through said assignments, plaintiff has suffered emotional distress, humiliation and considerable physical and medical pain and suffering and prospective financial loss.

40. By treating plaintiff as set forth herein, both defendants intentionally and wantonly discriminated against plaintiff on the basis of his gender, violating the Equal Protection clause of the 14th Amendment and causing him compensable damages.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays that this Honorable court accept jurisdiction over this matter and empanel a jury to hear and decide the matter and then enter an order requiring defendants to pay compensatory and punitive damages as allowed by law and the recovery of attorneys' fees and reasonably incurred litigation expenses and any other relief, whether legal or equitable, which the interests of law and/or equity require.

Dated: 15 January 2026

Respectfully submitted,

Michael H. Sussman [3497]

SUSSMAN & ASSOCIATES
Counsel for Plaintiff
1 Railroad Avenue, Ste. 3
PO BOX 1005
GOSHEN, NY 10924
(845)-294-3991 [ph]
(845)-294-1623 [fax]
Sussman1@sussman.law